In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-3028, 00-3029 & 00-3030

IN RE:

   THE SEARCH OF THE OFFICE OF KEN TYLMAN,
   WORLDWIDE FINANCIAL SERVICES, 913 17TH
   STREET, CHARLESTON, IL 61920.

Appeals from the United States District
Court
for the Central District of Illinois.
Nos. 00 U 13, 00 U 14 and 00 U 15--
Michael P. McCuskey, Judge.

Argued February 13, 2001--Decided April 5,
2001

   Before MANION, KANNE, and EVANS, Circuit
Judges.

   EVANS, Circuit Judge.  After the office
of WorldWide Financial Services was
searched and various items seized
pursuant to a federal search warrant,
Ken Tylman, Harry Woolen, Debra Hills,
and James McNutt filed a petition,
pursuant to Rule 41(e) of the Federal
Rules of Criminal Procedure, seeking the
return of the items and the suppression
of evidence. The district court, after
an evidentiary hearing, declined to
suppress the seized materials but
ordered the government to provide the
appellants with copies of all items
seized; further, any items appellants
identified as being urgently needed were
to be provided as soon as possible.
Despite the fact that the law does not
allow the appellants any additional
relief beyond what the district court
has ordered, this appeal was taken.

   Tylman and the others contend that
Rule 41(e) is unconstitutional as
applied, that the search warrant was

facially invalid and improperly served, and that the original documents seized, not just copies of them, must be returned.

Agents of the Criminal Investigation Division of the Internal Revenue Service entered WorldWide's office in Charleston, Illinois, at 10:30 in the morning on March 31, 2000, to execute the search warrant. To get a warrant, it must be recalled, the government must present evidence which convinces a judge that there is probable cause that criminal activity is afoot.

Once the agents entered the office, they encountered Brent Winters and appellants Ken Tylman, Harry Woolen, and Debra Hills in a conference room. Upon entry, they noticed a problem:  although an affidavit listing items to be seized had been attached to the application for the warrant, and was referenced in the warrant itself, no list of items to be seized was included in, or attached to, the search warrant. Mr. Tylman, quick on his feet, objected to the omission and, after consulting with a supervisory IRS agent, the agents decided to obtain a new search warrant before going any further.

The agents secured the office but did not search it until the second warrant was obtained. They did, however, videotape and diagram the offices and label items such as file cabinets while they were waiting. The people within the building were told they were free to leave, and at different times Ms. Hills and Mr. Woolen both left.

The second warrant arrived and it contained an attachment listing items to be seized, but, in what must have been a Keystone Cops moment, the agents saw that the list referred to items to be seized in a related search at a different location. The agents realized the error and again consulted with a supervisory agent. Again, agents went back to court for yet another warrant.

The third warrant was the charm, and

the search of the premises began around
6 p.m. The warrant called for the search
of the entire business premises. All of
the items seized were listed in one
inventory which was left at the site
with Mr. Tylman and Mr. Winters, an
attorney.

The search was carried out at a time
when the government was conducting a
criminal tax investigation of Tylman
(and perhaps others) and his business
dealings. No indictment, to date, has
been returned.

The appellants' motion was filed under
Rule 41 (e) of the Federal Rules of
Criminal Procedure, which provides:

Motion for Return of Property.  A
person aggrieved by an unlawful
search and seizure or by the
deprivation of property may move
the district court for the
district in which the property was
seized for the return of the
property on the ground that such
person is entitled to lawful
possession of the property. The
court shall receive evidence on
any issue of fact necessary to the
decision of the motion. If the
motion is granted, the property
shall be returned to the movant,
although reasonable conditions may
be imposed to protect access and
use of the property in subsequent
proceedings. If a motion for
return of property is made or
comes on for hearing in the
district of trial after an
indictment or information is
filed, it shall be treated also as
a motion to suppress under Rule
12.

The rule is directed at the precise
situation before us--a seizure prior to
the return of an indictment. Had an
indictment been filed, a motion to
suppress evidence, pursuant to Rule 12
of the Federal Rules of Criminal
Procedure, would be the appropriate
vehicle to not only secure the return of
seized property, but also to challenge
the constitutionality of the search
itself. Rule 41(e), however, cannot be
used to suppress evidence. The rule does

allow for the return of property if the owner is "aggrieved by an unlawful search and seizure or by the deprivation of property." In other words, the motion may be made whether or not the search was lawful. See Advisory Committee Notes; Matter of Search of Kitty's East, 905 F.3d 1367 (10th Cir. 1990).

According to the Advisory Committee Notes, the test of whether property should be returned is whether the government's retention of it is reasonable:  "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." See also Kitty's East.

In this case, the district court ordered the government to return copies of the seized documents. That was done. We have been given no compelling reason to think that this solution is not an adequate remedy for the appellants. The procedures involved in Rule 41(e) are not intended to deny the government the use of evidence it needs during its investigations and prosecutions, and here the government is continuing to conduct an investigation into, if true, serious violations of federal law.

Appellants argue, though, that Rule 41(e) is unconstitutional. The argument seems to be that if all the government has to do to comply with Rule 41(e) is to return copies of items seized, rather than the originals, then Rule 41(e) amounts to a grant to the government of the power to execute a general warrant; if that is the case, then Rule 41(e) should be ruled unconstitutional. We disagree.

The rule was enacted pursuant to the Supreme Court's authority under 28 U.S.C. sec. 2072. In addition, Congress has codified Rule 41(e) into the statutes at 18 U.S.C. sec. 3114, and federal statutes enjoy a strong presumption of constitutionality. See

United States v. National Dairy Prods. Corp., 372 U.S. 29 (1963). The appellants have not overcome the presumption. The rule is also not out of line with the exclusionary rule, which is itself not an absolute ban on the use of illegally seized evidence. The exclusionary rule does not proscribe the use of illegally seized evidence in all proceedings or against all persons. United States v. Calandra, 414 U.S. 338 (1974). Appellants' further argument that the rule allows searches to be done arbitrarily is belied by the fact, as we noted before, that agents initiating a search must first apply for a warrant to a judicial officer who must be satisfied that probable cause exists. In this case, it looks to us that the agents acted reasonably when they declined to conduct the search until they had satisfied themselves that they had a valid warrant.

The appellants also contend that the agents violated subsection (d) of Rule 41. The argument seems to be either (or both) (1) that the warrant was invalid because the fact that there was an attachment setting out items to be seized was not mentioned on the face of the warrant, or (2) that the agents conducted the inventory outside Mr. Tylman's presence. For both propositions, they rely on United States v. Stefonek, 179 F.3d 1030 (7th Cir. 1999), which in fact helps them not at all. Stefonek involved, in part, the denial of a motion to suppress evidence, and we went to some lengths to point out the exclusion of evidence must not be a sanction, which is disproportionate to the violation. There is no requirement in Stefonek that items to be seized must be set out on the face of the warrant as opposed to in an attached list. As to the other point, the rule states that the inventory must be made in the presence of the person from whose possession or premises the property was taken or in the presence of "at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken . . . ." The inventory in this case was conducted in the presence of someone who was not the applicant. Mr. Tylman's absence does not prevent the government from retaining

the items for its investigation. In Stefonek, we pointed out that a search can, in fact, be conducted in the absence of the person who occupies the premises. Furthermore, given the posture of the case, even if there were a violation of the rule, that would not mean that the seized evidence would necessarily have to be returned pursuant to Rule 41.

Accordingly, the decision of the district court is AFFIRMED.